<small>United States District Court
Southern District of Texas
**ENTERED**
October 31, 2018
David J. Bradley, Clerk</small>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN KHOA NAM, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-228 |
| | § | |
| ROBERT LACY JR., | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER**

Petitioner Nguyen Khoa Nam was a detainee in the custody of the United States Immigration and Customs Enforcement ("ICE"). Nam filed a petition for a writ of habeas corpus challenging his detention. Respondent filed a motion to dismiss the petition as moot. Petitioner did not respond. Having considered the motion and the attached exhibit, the Court concludes that the respondent's motion should be granted.

**I.    Background**

The facts leading to Nam's detention are not relevant to the disposition of this case. Nam states, and respondent does not dispute, that he was in custody for more than six months following the final entry of a removal order. Nam contends that this prolonged detention violates his statutory and constitutional rights.

**II.    Standard of Review**

Respondent argues that the petition is subject to dismissal under Fed.R.Civ.P. 12(b)(1). Rule 12(b)(1) provides for dismissal, in relevant part, when the court lacks subject matter jurisdiction.

It is beyond dispute that

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 7 Wall. 506, 514 (1868).

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998). The petitioner bears the burden of proving by a preponderance of the evidence that this Court has jurisdiction to hear his claims. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

**III.    Analysis**

Respondent argues that the Court lacks jurisdiction because Nam has been released from custody, rendering his petition moot. Respondent attaches to his motion to dismiss copies of documents demonstrating that Nam was released from ICE custody on April 10, 2018. *See* Respondent's Motion to Dismiss, Exh. 1. Because Nam is no longer in custody, there is no relief that this Court can grant regarding his petition.

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "Mootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496(1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted). Because Nam's petition no longer presents a justiciable claim, it must be dismissed as moot.

**IV.     Order**

For the foregoing reasons, it is ORDERED that Respondent's motion to dismiss (Doc. # 14) is GRANTED.  The petition (Doc. # 1) is DISMISSED WITHOUT PREJUDICE as moot.

It is so ORDERED.

SIGNED on this 31st day of October, 2018.

_____
Kenneth M. Hoyt
United States District Judge